IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHERINE PARKER DILLARD,

Plaintiff,

v. 1:25-cv-01050-DHU-JMR

SAFETY HOLDINGS INC.,
*also known as Sambasafety*,

Defendant.

**ORDER GRANTING PLAINTIFF'S OPPOSED MOTION TO REOPEN DISCOVERY AND EXTEND CASE MANAGEMENT DEADLINES**

THIS MATTER is before the Court on Plaintiff Katherine Parker Dillard's Opposed Motion to Reopen Discovery and Extend Case Management Deadlines. Doc. 51. Defendant SambaSafety filed a response. Doc. 52. Plaintiff filed a reply. Doc. 54. Having reviewed the briefing and the relevant law, the Court hereby GRANTS the motion. The discovery deadline is extended to October 16, 2026. Discovery motions are due November 6, 2026. Pretrial motions are due November 16, 2026.

**I. Plaintiff's Motion**

Plaintiff requests a one-month extension of the discovery deadline in this case. Doc. 51. Discovery closed on July 21, 2026. During a status conference on July 22, 2026, Plaintiff raised the need to re-open discovery. Doc. 49. The following day, on July 23, 2026, Plaintiff filed this motion. Doc. 51. Plaintiff is seeking to re-open discovery to conduct three depositions and serve two third-party subpoenas. *Id.* at 3–4.

Plaintiff's lead counsel explains that the fault for the lapsed discovery deadline lies entirely with him. He explains that he is "a first-year associate," at his law firm. Doc. 54 at 2. The more senior attorney on the case withdrew on June 8, 2026, after leaving the law firm. *Id.* at

1–2; *see also* Doc. 44. Another supervising attorney did not replace him. Counsel has been prosecuting the case alone since—save for another attorney at his firm covering one deposition and one status conference. *See* Doc. 54-1 at 4.

On June 29, 2026, Plaintiff's counsel's mother suffered a medical emergency. *Id.* at 2. Immediately after the medical event, counsel moved states to serve as his mother's caretaker. *Id.* He explains that she has required consistent medical care and multiple hospitalizations. *Id.* at 2–3. Counsel moved to assist his mother so suddenly that, two months later, he has not had the opportunity to move out of his apartment in Atlanta. *Id.* at 3. He notes that he has "never had to deal with a medical emergency of [this] caliber before." Doc. 51 at 9.

Counsel's sudden new role as a caretaker took his attention away from prosecuting this case—leading to the lapsed deadline and unfulfilled commitments. *See* Doc. 53 (Defendant's Motion to Compel Production of Documents). Counsel has repeatedly taken full responsibility for the failings in prosecuting this case. *See, e.g.*, Doc. 51 at 9–10; Doc. 54-1. He also notes that his law firm "has already taken steps to ensure that such shortfalls will not recur." Doc. 51 at 10.

## II. Discussion

The Court grants Plaintiff's request to re-open discovery and extend the discovery deadline to one month from the filing of this order.

When deciding whether to re-open discovery the Court must look to several factors.

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted). The *Smith* factors

"effectively replace rule 16's 'good cause' standard—or, perhaps more accurately, the *Smith* factors are dispositive as to how good cause applies in motions to reopen." *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 441 (D.N.M. 2015); *Env't Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, No. CV 16-1056 WJ/JHR, 2019 WL 2388270, at *3 (D.N.M. June 6, 2019) (holding the same).

A motion to modify a deadline after the deadline has expired also requires a showing of "excusable neglect."[1] FED. R. CIV. P. 6(b)(1)(B); *see also Johnson v. Parks Floyd Invs., LLC*, No. 2:23-CV-1063 SMD/KRS, 2025 WL 1191785, at *1 (D.N.M. Apr. 24, 2025) (applying Rule 6(b)(1)(B) to an extension of a scheduling order deadline).

> To determine whether the neglect is "excusable," the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Stringfellow v. Brown*, 105 F.3d 670 (10th Cir. 1997) (unpublished table decision) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable." *Id.* (citation omitted). However, excusable neglect may "include attorney inadvertence or negligence, provided certain mitigating circumstances

---

[1] It is unclear if the *Smith* factors also supplant the Rule 6(b)(1)(B) analysis. Out of an abundance of caution, I analyze both the *Smith* factors and whether Plaintiff has shown "excusable neglect" for missing the deadline under Rule 6(b)(1)(B). *See Miller v. Power*, No. 2:20-CV-00210-DBB, 2023 WL 6976602, at *1–5 (D. Utah Oct. 23, 2023) (analyzing both the *Smith* factors and whether Plaintiff demonstrated excusable neglect); *Env't Dimensions, Inc. v. EnergySolutions Gov't Grp.*, Inc., No. CV 16-1056 WJ/JHR, 2019 WL 2388270, at *3 (D.N.M. June 6, 2019) (same*); Hubchik v. Owners Ins. Co.*, No. 23-CV-01359-DDD-KAS, 2025 WL 1068687, at *3–5 (D. Colo. Apr. 9, 2025) (same).

were present." *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (citation omitted).

### A. Weighing the *Smith* factors, the Court will reopen discovery.

Weighing the *Smith* factors together, the Court will reopen discovery.

Looking to the first *Smith* factor—"whether trial is imminent"—trial in this case is not imminent. *See Smith*, 834 F.2d at 169. Trial is scheduled for March 1, 2027, nearly six months from now. Doc. 19. This extension request is not an eleventh-hour request to reopen discovery before trial. It came just two days after the close of discovery. A one-month extension of the discovery deadline will not likely impact the trial date.

Looking to the second *Smith* factor—"whether the request is opposed,"—this factor weighs against reopening discovery. *See Smith*, 834 F.2d at 169. Defendant has filed a 137-page response, including exhibits, in stern opposition to reopening discovery. Doc. 52.

Looking to the third *Smith* factor—"whether the non-moving party would be prejudiced,"—the Court does not believe the prejudice to Defendant will be great. *See Smith*, 834 F.2d at 169. Defendant argues that it will be prejudiced for four reasons.

First, Defendant argues that it would be prejudiced because Plaintiff would have "'hindsight advantage,' allowing her to plug holes in her case after waiting until SambaSafety has concluded its own discovery." Doc. 52 at 15. The Court disagrees that Plaintiff will have any significant hindsight advantage. Dispositive motions revealing Defendant's overarching theory of the case have not yet been filed. And the discovery Plaintiff plans to conduct is routine.

Second, Defendant argues that granting the motion "would create significant uncertainty for SambaSafety and the Court." *Id.* Specifically, Defendant argues that it will need more than 30 days to schedule the requested depositions and prepare three witnesses. *Id.* However, if Defendant needs additional time, Defendant may request that additional time. Defendant's

alleged inability to prepare their witnesses in 30 days is not a basis for denying Plaintiff's request for an extension of time. The Court expects that Defendant will make its best effort to comply with Plaintiff's deposition requests. If the parties are unable to complete all three depositions within the requested time, then they may file a motion to request more time for discovery or decide that the outstanding depositions are not truly necessary. The Court disagrees that the concerns about extending deadlines create any "uncertainty" for the Defendant.

Third, Defendant argues that the proposed discovery is "burdensome" on the Defendant because of the specific discovery Plaintiff seeks. *Id.* at 16. Discovery is inherently burdensome process for litigants. If the burden is undue, Defendant remains free to object to Plaintiff's individual discovery requests.

Fourth, Defendant argues that "reopening discovery would require SambaSafety to abandon its litigation strategy." *Id.* The only specific example Defendant provides is an argument that "[a]dditional discovery could implicate evidence requiring expert testimony." *Id.* Defendant's expert disclosures were due June 12, 2026, six weeks before the close of discovery. Plaintiff's proposed discovery is no more prejudicial now than it would have been if Plaintiff had requested the discovery on June 13, 2026. Defendant failed to explain how its litigation strategy must meaningfully change based on re-opening discovery at this stage.

The Court recognizes that Defendant will suffer some meaningful prejudice as a result of discovery being re-opened, however, the Court believes this prejudice is outweighed by the greater interest in trying this case on the merits.

Looking to the fourth *Smith* factor—"whether the moving party was diligent in obtaining discovery within the guidelines established by the court,"—Plaintiff's counsel was sufficiently diligent prior to his personal emergency. *See Smith*, 834 F.2d at 169. Prior to the emergency,

Plaintiff was prosecuting this action at a reasonable pace. Defendant argues that Plaintiff was not "*remotely* diligent in pursuing eminently foreseeable discovery," because "she waited until mere weeks before the deadline to think about noticing three SambaSafety depositions, third-party discovery of Uber, or third-party discovery of the ALEA." Doc. 15 at 17. However, the Court is not persuaded that this delay shows a lack of diligence. It is common practice in this District for the parties to request an extension of time for discovery. This case is a rarity in that neither party requested the Court extend the discovery deadline. It would have been more than reasonable for Plaintiff to request to extend the discovery deadline. Plaintiff's primary failure was not doing so two days earlier—where the legal standard would be governed by the more liberal "good cause" standard. The Court finds that Plaintiff has been reasonably diligent in pursuing discovery.

Looking to the fifth *Smith* factor—"the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court,"—this factor weighs against re-opening discovery. *See Smith*, 834 F.2d at 169. The need for this additional discovery was undoubtedly foreseeable. Plaintiff's counsel's personal emergency, however, was not.

Looking to the sixth *Smith* factor—"the likelihood that the discovery will lead to relevant evidence,"—weighs heavily in favor of reopening discovery. *See Smith*, 834 F.2d at 169. All parties agree that Plaintiff's proposed discovery is obviously relevant to the merits of the case. *See, e.g.*, Doc. 52 at 1 (Defendant calling the requested discovery "basic.").

Looking beyond the *Smith* factors, the Court is persuaded by counsel's personal emergency and his inexperience as a lawyer. Plaintiff's counsel is a first-year associate practicing in federal court—seemingly without assistance of a more senior lawyer at his law firm. He also explains that he has never dealt with a medical emergency of this magnitude before. While these factors do not entitle him to have discovery re-opened, the Court is willing to

show grace for counsel in this particular instance. The Court cautions Plaintiff's counsel that, in future legal practice, he must handle personal emergencies in a manner that does not potentially impact his clients—perhaps by asking another attorney to take over his cases or informing his clients that they need to seek alternate counsel. Furthermore, the Court declines to so severely punish Plaintiff for her counsel's error.

Considering the totality of the circumstances, the Court will re-open discovery.

**B. Plaintiff has shown "excusable neglect" for failing to comply with the discovery deadline.**

Plaintiff has shown "excusable neglect" for failing the comply with the original discovery deadline. *See* FED. R. CIV. P. 6(b)(1)(B).

Looking to the first *Pioneer* factor—"the danger of prejudice to the [non-moving party]"—as discussed more thoroughly above, the Court does not believe the prejudice to the Defendant is great. *See Pioneer Inv. Servs. Co*, 507 U.S. at 395.

Looking to the second *Pioneer* factor—"the length of the delay and its potential impact on judicial proceedings"—the length of the delay was minimal. *See Pioneer Inv. Servs. Co*, 507 U.S. at 395. Plaintiff's motion was filed only two days after discovery closed, and Plaintiff only requests a one-month extension of time. The delay will likely not impact the parties' trial date. Furthermore, re-opening discovery will allow the case to be litigated on the merits, which promotes the integrity of the judicial proceedings. *See Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (Rule 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits.").

Looking to the third *Pioneer* factor—"the reason for the delay"—this factors weighs heavily in favor of reopening discovery. *See Pioneer Inv. Servs. Co*, 507 U.S. at 395. Counsel's

personal emergency was not within his control. The emergency was life-altering and ongoing. Counsel has only acted in good faith. Counsel has taken responsibility for the delays, and he represents that his firm has taken steps to prevent this kind of delay in the future.

Considering the circumstances, Plaintiff has shown "excusable neglect" for missing the discovery deadline. *See* FED. R. CIV. P. 6(b)(1)(B).

**III. Deadlines**

The case management deadlines are reset as follows.

| | | |
|---|---|---|
| a) | Termination date for discovery: | October 16, 2026 |
| b) | Motions relating to discovery to be filed by: | November 6, 2026 |
| c) | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by: | November 16, 2026 |

Plaintiff's Opposed Motion to Reopen Discovery and Extend Case Management Deadlines (Doc. 51) is hereby GRANTED.

JENNIFER M. ROZZONI
United States Magistrate Judge