IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHERINE PARKER DILLARD,

Plaintiff,

v. 1:25-cv-01050-DHU-JMR

SAFETY HOLDINGS INC.,
*also known as Sambasafety*,

Defendant.

**ORDER GRANTING DEFENDANT'S MOTION**
**TO COMPEL PRODUCTION OF DOCUMENTS**

THIS MATTER is before the Court on Defendant Safety Holdings, Inc.'s Motion to Compel Production of Documents. Doc. 53. Plaintiff filed a response. Doc. 56. Defendant filed a reply and a related declaration. Docs. 58, 59. Having reviewed the briefing and the relevant law, the Court hereby GRANTS the motion. Plaintiff's supplemental discovery responses are due **October 26, 2026**.

The Court awards Defendant reasonable attorney fees that must be paid by Plaintiff's counsel or his law firm. Defendant's motion requesting attorney fees and supporting affidavit are due **October 26, 2026**. Plaintiff's objections to the reasonableness of the fees, if any, are due **fourteen days** after Defendant's motion is filed.

## I. Facts

On March 3, 2026, Defendant served its first set of requests for production of documents. Doc. 53 at 2. On April 1, 2026, Plaintiff served timely responses. *Id.* at 3. However, despite purporting to provide the responsive documents, Plaintiff did not completely do so. *Id.*

Defendant deposed Plaintiff on July 10, 2026. *Id.* at 3. And at that deposition, Plaintiff confirmed further responsive documents exist. *Id.* On July 13, 2026, Defendant requested that

Plaintiff supplement her discovery responses accordingly. *Id.* at 4. Defense followed up with Plaintiff on July 16, 2026. *Id.* Discovery closed on July 21, 2026.[1] This motion was filed on August 10, 2026. Doc. 53.

After discovery closed, Plaintiff's counsel agreed to supplement the relevant discovery at various points in time. *See, e.g.*, *id.* at 12 (Plaintiff providing one of the missing subject documents on July 27, 2026); Doc. 56 at 4 (Plaintiff supplementing responses on August 24, 2026). However, the supplementation remains incomplete. Doc. 58 at 8.

Plaintiff's counsel explains that on June 29, 2026, his "mother suffered a severe heart attack, was admitted to intensive care, and underwent emergency heart surgery; counsel flew across the country and relocated to serve as her caretaker." Doc. 56 at 3. This major life change is part of the reason counsel did not provide the documents in a timely manner. Notably, counsel's personal medical emergency was a substantial justification for why the Court decided to re-open discovery. *See* Doc. 61.

## II. Discussion

Defendant requests that the Court compel Plaintiff to more fully respond to Defendant's Requests for Production 14, 20, 27, and 32. Doc. 53 at 2–3. Defendant also requests that the Court award fees. *Id.* at 13. Plaintiff opposes both requests. Doc. 56. The Court hereby compels Plaintiff to more fully respond to Defendant's Requests for Production 14, 20, 27, and 32. *Infra* § II(A). The Court further orders Plaintiff's counsel to pay Defendant's reasonable fees associated with bringing this motion. *Infra* § II(B).

---

[1] The Court re-opened discovery on September 16, 2026. Doc. 61.

**A. The Court compels Plaintiff to more fully respond to Defendant's Requests for Production 14, 20, 27, and 32.**

The power to compel discovery responses is derived from Federal Rule of Civil Procedure 37(a). FED. R. CIV. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."). The Court may compel a party to respond to discovery when "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv).

Rule 34 requires a party to produce responsive documents within "the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). "'Control' is broadly construed as 'the legal right, authority, or practical ability to obtain the materials sought upon demand.'" *Zheng v. Walker*, No. CV 22-432 SCY/GBW, 2023 WL 4365441, at *1 (D.N.M. July 6, 2023) (string citation omitted). "Consequently, 'control' encompasses more than a party's actual possession of requested materials." *Id.*

**a. Request for Production 14**

Defendant's Request for Production 14 requests, "Documents relating to Plaintiff's allegation that she is 'facing eviction from her residence' as referenced in Paragraph 61 of the Complaint." Doc. 53-3 at 6.

Plaintiff did not object to Request for Production 14. Doc. 53-3 at 6. Instead, Plaintiff states that she has "one document in her possession" that relates to her eviction, and she has provided that document. *See, e.g.*, Doc. 56 at 8. She asserts that any other responsive documents are "public records equally available to Defendant." *Id.*

Plaintiff cannot avoid producing documents that are within her "possession, custody, or control" simply because they are a matter of public record. *See* FED. R. CIV. P. 34(a)(1); *Nyanjom v. Hawker Beechcraft, Inc.*, No. 12-1461-JAR-KGG, 2014 WL 2135997, at *2 (D. Kan. May 22, 2014) (holding the same). Plaintiff has both the "legal right" and "practical authority" to request her own court records. *See Zheng*, 2023 WL 4365441, at *1. As such, they are within her control, and she must produce them.

Plaintiff, through counsel, states that she provided Defendant with "the one document in her possession reflecting her communication with her landlord about the eviction." Doc. 56 at 8. During Plaintiff's deposition, defense counsel asked whether Plaintiff has "any kind of record of communication or documents, maybe an email or a letter from [her] landlord about [her] eviction?" Doc. 53-4 at 3 (20:22–25). Plaintiff replied, "Yes. I believe I turned that in." *Id.* at 4 (21:1–2). It is unclear if the document Plaintiff provided to Defendant is the same document that she is referencing in her deposition. Defendant reasonably questions whether Plaintiff has "additional eviction-related writings" such as "notices from her landlord, correspondence about unpaid rent, records of rental payments." Doc. 58 at 8. Based on the limited information before the Court, the Court is concerned that Plaintiff has not done an adequate search for responsive documents relating to her eviction.

The Court orders Plaintiff to provide Defendant a written explanation of the steps she took to search for documents that are responsive to Request for Production 4. If the one document Plaintiff already provided is truly the only responsive document in Plaintiff's "possession, custody, or control," Plaintiff must supplement her written response to Request for Production 4 to affirmatively say so. Plaintiff must also supplement her response to Request for Production 4 with any publicly available records from her eviction.

**b. Request for Production 27**

Defendant's Request for Production 27 requests, "Documents sufficient to identify any civil, criminal, or bankruptcy case, in which Plaintiff has been involved as a party or a witness within the past five (5) years." Doc. 53-3 at 11.

Plaintiff objected arguing that the request "seeks information outside of the applicable statute of limitations governing the claims at issue." *Id.* However, Plaintiff does not stand by this objection in the response brief. Instead, Plaintiff argues that Request for Production 27 seeks "public records [that are] equally available to both parties." Doc. 56 at 3; *see also* Doc. 53-3 at 11 (objecting to Request for Production 27 on the same basis).

Again, Plaintiff's argument that the responsive documentation is publicly available does not relieve her of her duty to produce the documents. Plaintiff has both the "legal right" and "practical authority" to request her own court records. *See Zheng*, 2023 WL 4365441, at *1. It is also more practical for Plaintiff to request these records because Plaintiff, presumably, will remember whether and before which courts she was "a party or a witness" in a "civil, criminal, or bankruptcy case." *See* Doc. 53-3 at 11.

The Court orders Plaintiff to supplement her response to Request for Production 27.

**c. Request for Production 20 and Request for Production 32**

The Court addresses Defendant's Request for Production 20 and Request for Production 32 together because the missing responsive documentation overlaps.

Defendant's Request for Production 20 requests, "Documents relating to Plaintiff's allegations of actual damages, including but not limited to the manner in which such damages were determined or calculated, and Plaintiff's efforts to mitigate her alleged damages." Doc. 53-3 at 9. Defendant explains that Plaintiff has not provided specific documents showing her income

over the years, which "bear[s] directly on both Plaintiff's alleged lost wages and her duty to mitigate." Doc. 58 at 7.

Defendant's Request for Production 32 requests, "Documents showing all wages earned by Plaintiff from 2021 to the present from any source, including any wages earned when driving for Uber, including a copy of Plaintiff's 2021, 2022, 2023, 2024, and 2025 tax returns." Doc. 53-3 at 12–13. The parties have agreed to narrow this request to 2023 forward. Doc. 58 at 1.

Defendant specifically requests that Plaintiff provide, "all weekly, monthly, and yearly statements reflecting Plaintiff's income from Uber and Lyft from 2023 through 2025," and "all documents showing income or payments received from Plaintiff's father or any other source from 2024 through 2026, including bank statements, electronic payment records, and checks reflecting such income." Doc. 58 at 11.

As to the Uber and Lyft records, Plaintiff alleges that she has "agreed to produce them, and she is producing them." Doc. 56 at 5. Such a promise is inappropriate as the records were originally due in April 2026, and discovery had closed. Plaintiff is ordered to produce the requested records from Uber and Lyft.

Regarding income from Plaintiff's father, Plaintiff must provide Defendant more information. In her deposition, Plaintiff testified that she works for her father "sometimes." Doc. 53-4 at 5 (43:11). When asked if her father pays her, she testified "it depends on what I'm doing." *Id.* (43:14–17). Plaintiff's counsel states that Plaintiff has "no records of any payments from this informal help." Doc. 56 at 7. The Court is unaware if Plaintiff herself has attested to that fact. Defendant is understandably dubious of this claim and, thus, requests Plaintiff's "bank statements, electronic payment records, tax records, or some form of documentation of this income." Doc. 53 at 11. Plaintiff argues that Defendant's requests for Plaintiff's "bank

statements, electronic payment records, tax records, or some form of documentation" for the income Plaintiff received from her father is an attempt to expand their discovery request. Doc. 56 at 2. Defendant argues, and the Court agrees, that Plaintiff's failure to provide sufficient information necessitated Defendant's request for further documentation. Doc. 58 at 6. Plaintiff must clarify whether there is any record of her receiving payments from her father during the relevant time period. If there is not, Plaintiff must explain why.

The Court orders Plaintiff to provide a written, verified narrative explaining the form in which her father paid her for work performed during the relevant time period, be it via cash, check, or an electronic payment method. If the payment was deposited into Plaintiff's bank account, Plaintiff must provide a record of that deposit. If there is any electronic record of Plaintiff's father paying Plaintiff within Plaintiff's "possession, custody, or control," Plaintiff must also provide those records. FED. R. CIV. P. 34(a)(1). If no such records exist, Plaintiff must affirmatively say so and explain why in her written, verified responses to Requests for Production 20 and 32.

**B. The Court orders Plaintiff's counsel or his law firm to pay Defendant's reasonable fees associated with bringing this motion.**

Defendant asks that "the Court award SambaSafety its reasonable expenses incurred in making this motion, including its attorney's fees." Doc. 53 at 13. Plaintiff argues that the Court should not order fees because her position was "substantially justified" and "other circumstances make an award of expenses unjust." Doc. 56 at 9 (quoting FED. R. CIV. P. 37(a)(5)(A)(ii)–(iii)). The Court finds that Defendant is entitled to fees.

When a motion to compel discovery is granted, or discovery is provided after the motion is filed, the Court "must" order the party or attorney whose conduct necessitated the motion to

pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, the Court may not award fees when:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

A party's position is "substantially justified" if there is "a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Lester v. City of Lafayette, Colo.*, 639 F. App'x 538, 542 (10th Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "'Substantially justified' connotes 'not justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.*

"Rule 37 is designed to shift the cost of litigating a discovery dispute to the party who loses that dispute." *Mares v. Geo Grp., Inc.*, No. CV 22-00097 RB/JFR, 2022 WL 17530001, at *2 (D.N.M. Dec. 8, 2022) (citing *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 209 n.5 (1999)). The rule does not require a showing of bad faith for the Court to impose fees. *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (citation omitted).

Plaintiff's failure to respond to Defendant's Requests for Production was not "substantially justified." *See* FED. R. CIV. P. 37(a)(5)(A)(ii). Plaintiff provides a one sentence argument to explain why her failure to fully respond to Defendant's discovery requests was substantially justified: "Whether Defendant may compel financial records it never requested, earnings for a period it conceded is time-barred, and documentation of payments that do not exist are all genuine disputes on which reasonable lawyers could differ." Doc. 56 at 8 (referring to the

legal standard set forth in *Pierce*, 487 U.S. at 565). Plaintiff's argument misunderstands Defendant's positions. Defendant has only requested Plaintiff's financial records as an example of documents that could be responsive to its Request for Production 32. *See* Doc. 58 at 5–6. Defendant is not seeking information from outside the parties agreed upon time frame. *See id.* at 9 ("SambaSafety Does Not Seek Pre-2023 Records in This Motion."). Finally, Defendant is not requesting an order compelling Plaintiff to produce documents that do not exist. Defendant is seeking clarification of whether the requested documents exist. The Court is not aware if any reasonable basis in law or fact Plaintiff has for failing to provide the responsive documents. Plaintiff 's failure to provide the responsive documents was not "substantially justified." *See* FED. R. CIV. P. 37(a)(5)(A)(ii).

An award of expenses here is not "unjust." *See* FED. R. CIV. P. 37(a)(5)(A)(iii). Plaintiff argues that an award is unjust because she has "continued to supplement in good faith," and she has done so "while her lead counsel managed a family medical emergency." Doc. 56 at 9. First, supplementing discovery only after a motion to compel is filed is a legal basis to award fees, not a basis to deny fees. *See* FED. R. CIV. P. 37(a)(5)(A) ("[I]f the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party . . . to pay the movant's reasonable expenses incurred in making the motion."). Second, the Court is sympathetic to counsel's personal emergency and has granted him leeway for this emergency by re-opening discovery. *See* Doc. 61. Nevertheless, Defendant was forced to engage in, presumably costly, motion practice to obtain discovery they still have not received. Even after the deficiencies were called to counsel's attention in the motion, Plaintiff still has not fully supplemented her response. As such, the Court finds that a fee award is not "unjust." *See* FED. R. CIV. P. 37(a)(5)(A)(iii).

Finally, the Court requires Plaintiff's counsel or his law firm to pay Defendant's fees. "If the fault was occasioned by Plaintiffs' counsel, then counsel is the proper person to bear the sanction." *Lops v. Haberman*, No. CV001268JPLFGACE, 2002 WL 35649520, at *3 (D.N.M. Dec. 11, 2002) (citing *In Re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) and *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 873 (10th Cir. 1987)). Plaintiff's failure to respond was largely caused by her counsel's personal emergency. There is no indication that Plaintiff herself was a cause of the failure to respond. Plaintiff's counsel failed to take steps to ensure that his client's representation would not be impacted by his own personal matter. As such, he or his law firm should bear the costs unnecessarily incurred by the Defendant as a result of his failure to provide the responsive documents. *See Lops*, 2002 WL 35649520, at *3.

Defendant's motion requesting attorney fees and supporting affidavit are due **October 26, 2026**. Plaintiff's objections to the reasonableness of the fees, if any, are due **fourteen days** after Defendant's motion is filed. Plaintiff may not object to the award of fees—only whether the fees are reasonable.

Defendant Safety Holdings, Inc.'s Motion to Compel Production of Documents (Doc. 53) is GRANTED.

JENNIFER M. ROZZONI
United States Magistrate Judge