IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHERINE PARKER DILLARD,

Plaintiff,

v. 1:25-cv-01050-DHU-JMR

SAFETY HOLDINGS INC.,
*also known as Sambasafety*,

Defendant.

**ORDER GRANTING IN PART AND**
**DENYING IN PART DEFENDANT'S MOTION TO SEAL**

THIS MATTER is before the Court on Defendant Safety Holding, Inc.'s Motion to Seal and its accompanying memorandum. Docs. 78, 79. Therein, Defendant requests to seal (1) exhibits H, I, and J to Plaintiff's Motion to Extend Discovery, Reopen Depositions, and Compel Production and Amended Discovery Responses (Doc. 72), (2) Mr. Moshe O. Boroosan's declaration that quotes and describes those exhibits (Doc. 72-1), and (3) exhibits 2, 3, 6, 10, 11, 12, 14, and 15 to SambaSafety's response briefing (Doc. 80).

It is well settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. *Crystal Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id.*

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation omitted); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). Documents should be sealed only "on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citation omitted).

The information Defendant seeks to seal falls into two categories 1) deposition testimony that the parties have not yet decided will be kept confidential under the Protective Order (Doc. 21), and 2) information that has an independent articulable basis for sealing. The Court denies without prejudice the request to seal the former category of information, but it grants the request to seal the latter category.

Exhibits H, I, J, 6, 10, and 11 are each excerpts of deposition transcripts that the parties are temporarily maintaining as confidential for thirty-days—in accordance with the Protective Order—to allow the parties time to designate portions as permanently confidential. Mr. Borsoosan's declaration "quote[s], discuss[es], and characterize[s] testimony from the[se] depositions." Doc. 79 at 3. For this reason, Defendant requests to seal these exhibits and declaration. However, the parties' designation of material as confidential under the Protective Order is not a sufficient justification to seal a judicial record. *Compare* FED. R. CIV. P. 26(c) (authorizing a court to issue a protective order upon a showing of "good cause"), with *Crystal Grower's Corp.*, 616 F.2d at 461 (setting forth a balancing test for sealing judicial records). Defendant offers to file the non-confidential portions of these deposition transcripts on the record after the thirty-day periods ends. *Id.* at 4. Yet, this solution would still result in portions of these deposition transcripts being sealed solely based on the parties' own determination that they

contain confidential information. The Court cannot permanently seal the deposition transcripts without "articulable facts" that show "a significant interest that outweighs the presumption" of public access. *Hagestad*, 49 F.3d at 1434; *Mann*, 477 F.3d at 1149.

Defendant provides sufficient facts for the Court to determine that the remaining exhibits should be sealed. Exhibits 2 and 3 are "'consumer reports' under the Fair Credit Reporting Act," which statutorily may not be publicly disclosed except under limited circumstances, which do not apply here. Doc. 79 at 5 (citing 15 U.S.C. § 1681b(a)). Exhibits 12, 14, and 15 are "SambaSafety's internal policies, procedures, and technical materials." *Id.* Defendant explains that "Public disclosure would permit competitors to obtain SambaSafety's technical architecture, data-processing methods, internal controls, and business volume without investing in their development, causing SambaSafety competitive harm." *Id.* at 6. The documents are not otherwise available to the public. *Id.* at 5–6. Defendant also explains that Exhibits 12 and 15 are "wholly unrelated to this lawsuit." *Id.* at 6. The Court finds that Defendant has demonstrated a sufficient privacy interest that justifies sealing Exhibits 2, 3, 12, 14, and 15. *See Mann*, 477 F.3d at 1149.

Defendant Safety Holding, Inc.'s Motion to Seal (Doc. 78) is granted in part and denied in part. Exhibits 2, 3, 12, 14, and 15 may remain under seal. Exhibits H, I, J, 6, 10, 11, and Mr. Boroosan's declaration will remain provisionally sealed. Any interested party may file another motion to seal these exhibits by December 14, 2026. Failure to do so will result in the documents being unsealed without further notice.

Jennifer M. Rozzoni

JENNIFER M. ROZZONI
United States Magistrate Judge